UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN L. SHIELDS,

Plaintiff,

Case No. 26-cv-12731
Hon. Matthew F. Leitman

v.

FORD MOTOR CO., *et al.*,

Defendants.

________________________________________________/

**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 2) WITHOUT PREJUDICE**

On August 5, 2026, Plaintiff Brian Shields filed this action against Defendants Ford Motor Company and Sedgwick Claims Management Services, Inc. (*See* Compl., ECF No. 1.) The Complaint has not yet been served on the Defendants, and the Defendants have not yet appeared in this case. On that same day, Shields also filed a motion for a preliminary injunction. (*See* Mot., ECF No. 2.) In that motion, Shields asks the Court to order Ford to "reinstate" him to his previous position at Ford and/or "to continue or restore [his] disability benefit payments." (*Id.*, PageID.2.) The motion is **DENIED WITHOUT PREJUDICE** because Shields has not shown an entitlement to *ex parte* relief.

Under Federal Rule of Civil Procedure 65(a)(1), a "court may issue a preliminary injunction only on notice to the adverse party." Fed.R.Civ.Proc.

65(a)(1). Here, because Defendants have not been served with either the Complaint or the motion, they have not been provided with notice. Thus, the Court cannot grant Shields' motion at this time.

To the extent that Shields seeks an *ex parte* temporary restraining order, he also has not shown an entitlement to that relief. Under Federal Rule of Civil Procedure 65(b)(1), a court may issue "a temporary restraining order without written or oral notice to the adverse party" only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) the moving party certifies "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b)(1)(A)-(B). Shields has not attempted to meet this standard, nor does it appear that he could do so. The Court will issue injunctive relief in this action, if at all, only after the Defendants are given a full and fair opportunity to appear in this action and respond to a properly-filed injunction motion.

Accordingly, for all of the reasons described above, Shields' motion for a preliminary injunction (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126